## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

CHRISTOPHER M. WELCH, (INDIVIDUALLY & ON BEHALF OF ALL OTHERS SIMILARLY SITUATED)
**PLAINTIFF,**

V.

**CLASS ACTION-CIVIL COMPLAINT**

COUNTY OF BURLINGTON;
COUNTY COMMISSIONER-
MS. FELICIA HOPSON;
C.F.G. HEALTH SYSTEMS LLC;
CEO-CFG HEALTH SYSTEMS LLC-
MR. LES PASCHALL;
HEALTH SERVICES ADMINISTRATOR-     **JURY TRIAL DEMAND-PLAINTIFF**
MS. DORIS YAA;
NURSE PRACTITIONER CONNIE;
NURSE JANE DOE(S)1 THROUGH 3;
WARDEN MATTHEW LEITH;
CAPTAIN T. BLANGO;
CAPTAIN INMAN;                     **CIVIL#**
LIEUTENANT P. BLANGO;
LIEUTENANT N. PTASZENSKI;
LIEUTENANT R. CLUGSTEN;
SERGEANT M. PEER;
SERGEANT J. WILLIAMS;
CORRECTIONAL OFFICERS-
JANE & JOHN DOE(S)1 THROUGH 10;
COUNTY EMPLOYEES-
JANE & JOHN DOE(S)1 THROUGH 10;
**DEFENDANT(S).**



### I. JURISDICTION & VENUE

1. This action is brought under Title 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States, and New Jersey State Constitution. The Court has jurisdiction under Title 28 U.S.C. §§ 1331 & 1343(a)(3). The Court has Supplemental jurisdiction over Plaintiff's state law claims under Title 28 U.S.C. § 1367.

Plaintiff seeks Declaratory relief pursuant to Title 28 U.S.C. §§ 2201 & 2202. Plaintiff's claims for Injunctive relief are authorized by Title 28 U.S.C. §§ 2283 & 2284, and Rule 65 of the Federal Rules of Civil Procedure.

2. The District of New Jersey is an appropriate venue under Title 28 U.S.C. § 1391(b)(2) because it is where the events giving rise to these claims occurred.

## II. PARTIES

3. Plaintiff, Christopher M. Welch, is and was at all times mentioned herein a Pre-Trial Detainee at the Burlington County Detention Center, located at: P.O. Box 6000, 54 Grant St., Mount Holly, New Jersey 08060 with Inmate **ID#** 115254.

4. Defendant, County of Burlington, is the County where Burlington County Detention Center is located, and the County of Burlington is the one who has overall control of the Burlington County Detention Center through its County Commissioners. County of Burlington is located at: 49 Rancocas Rd., Mount Holly, New Jersey 08060.

5. Defendant, County Commissioner-Ms. Felicia Hopson, is an employee for the County of Burlington where the Burlington County Detention Center is located, and is the County Commissioner Director. County Commissioners have overall control of the County of Burlington, and of the Burlington County Detention Center. She is located at: 49 Rancocas Rd., Mount Holly, New Jersey 08060.

6. Defendant, C.F.G. Health Systems LLC, is the medical contractor for Burlington County Detention Center, and is the company in charge of all the Staff & Inmates/Pre-Trial Detainees medical

needs. C.F.G. Health Systems LLC reports back to the County of Burlington, and County Commissioner-Ms. Felicia Hopson. C.F.G. Health Systems LLC is located at: 765 Rt. 70-East, Building A-100, Marlton, New Jersey 08053.

7. Defendant, CEO-C.F.G. Health Systems LLC-Mr. Les Paschall, is the Chief Executive Officer for C.F.G. Health Systems LLC. He is in complete control of C.F.G. Health Systems LLC. He reports back to C.F.G. Health Systems LLC, County of Burlington, and County Commissioner-Ms. Felicia Hopson. He is located at: 765 Rt. 70-East, Building A-100, Marlton, New Jersey 08053.

8. Defendant, Health Services Administrator-Ms. Doris Yaa, is the Health Services Administrator at Burlington County Detention Center, and is an employee of C.F.G. Health Systems LLC. She is in complete control of all Staff; Inmates; and-or Pre-Trial Detainees medical needs at Burlington County Detention Center. She reports back to C.F.G. Health Systems LLC, CEO-C.F.G. Health Systems-Mr. Les Paschall, the County of Burlington, and County Commissioner-Ms. Felicia Hopson. She is located at: 54 Grant St., Mount Holly, New Jersey 08060.

9. Defendant, Nurse Practitioner Connie, is the Nurse Practitioner at Burlington County Detention Center, and is an employee of C.F.G. Health Systems LLC. She is in complete control of all Staff; Inmates; and-or Pre-Trial Detainees medical needs at Burlington County Detention Center. She reports back to C.F.G. Health Systems LLC, CEO-C.F.G. Health Systems-Mr. Les Paschall, Health Services Administrator-Ms. Doris Yaa, the County of Burlington, and County Commissioner-Ms. Felicia Hopson. She is located at: 54 Grant St., Mount Holly, New Jersey 08060.

10. Defendant(s), Nurse Jane Does 1 through 3, are Nurse(s) at Burlington County Detention Center, and they are employee(s) of C.F.G. Health Systems LLC. They are in complete control of all Inmates; and-or Pre-Trial Detainees medical needs at Burlington County Detention Center. They report back to C.F.G. Health Systems LLC, CEO-C.F.G. Health Systems-Mr. Les Paschall, Health Services Administrator-Ms. Doris Yaa, Nurse Practitioner Connie the County of Burlington, and County Commissioner-Ms. Felicia Hopson. They are located at: 54 Grant St., Mount Holly, New Jersey 08060.

11. Defendant, Warden Matthew Leith, is currently the Warden at Burlington County Detention Center. He is in complete control overall staff & Inmates/Pre-Trial Detainees at Burlington County Detention Center. He reports back to the County of Burlington, and County Commissioner-Ms. Felicia Hopson. He is located at: 54 Grant St., Mount Holly, New Jersey 08060.

12. Defendant, Captain T. Blango, is currently the Administrative Captain at Burlington County Detention Center. He is in complete control overall staff & Inmates/Pre-Trial Detainees at Burlington County Detention Center. He reports back to the County of Burlington, County Commissioner-Ms. Felicia Hopson, and Warden Matthew Leith. He is located at: 54 Grant St., Mount Holly, New Jersey 08060.

13. Defendant, Captain Inman, is currently a Captain at Burlington County Detention Center. He is in complete control overall staff & Inmates/Pre-Trial Detainees at Burlington County Detention Center. He reports back to the County of Burlington, County Commissioner-Ms. Felicia Hopson, Warden Matthew Leith, and Captain T. Blango. He is located at: 54 Grant St., Mount Holly, New Jersey 08060.

14. Defendant, Lieutenant P. Blango, is currently the Internal Affairs Lieutenant at Burlington County Detention Center, and ***he is the biological brother of Captain T. Blango listed in paragraph 12*** of this complaint. He is in complete control overall staff & Inmates/Pre-Trial Detainees at Burlington County Detention Center. He reports back to the County of Burlington, County Commissioner-Ms. Felicia Hopson, Warden Matthew Leith, and Captain T. Blango. He is located at: 54 Grant St., Mount Holly, New Jersey 08060.

15. Defendant, Lieutenant N. Ptaszenski, is currently the Internal Affairs Lieutenant at Burlington County Detention Center. He is in complete control overall staff & Inmates/Pre-Trial Detainees at Burlington County Detention Center. He reports back to the County of Burlington, County Commissioner-Ms. Felicia Hopson, Warden Matthew Leith, and Captain T. Blango. He is located at: 54 Grant St., Mount Holly, New Jersey 08060.

16. Defendant, Lieutenant R. Clugsten, is currently a Lieutenant at Burlington County Detention Center. He is in complete control overall staff & Inmates/Pre-Trial Detainees at Burlington County Detention Center. He reports back to the County of Burlington, County Commissioner-Ms. Felicia Hopson, Warden Matthew Leith, Captain T. Blango, Lieutenant P. Blango, and Lieutenant N. Ptaszenski. He is located at: 54 Grant St., Mount Holly, New Jersey 08060.

17. Defendant, Sergeant M. Peer, is currently a Sergeant at Burlington County Detention Center. He is in complete control overall staff & Inmates/Pre-Trial Detainees at Burlington County Detention Center. He reports back to the County of Burlington, County Commissioner-Ms. Felicia Hopson, Warden Matthew Leith,

Captain T. Blango, Lieutenant P. Blango, Lieutenant N. Ptaszenski, and Lieutenant E. Hernandez. He is located at: 54 Grant St., Mount Holly, New Jersey 08060.

18. Defendant, Sergeant J. Williams, is currently a Sergeant at Burlington County Detention Center. He is in complete control overall staff & Inmates/Pre-Trial Detainees at Burlington County Detention Center. He reports back to the County of Burlington, County Commissioner-Ms. Felicia Hopson, Warden Matthew Leith, Captain T. Blango, Lieutenant P. Blango, Lieutenant N. Ptaszenski, and Lieutenant R. Clugsten. He is located at: 54 Grant St., Mount Holly, New Jersey 08060.

19. Defendant(s), Correctional Officer(s) Jane & John Does 1 through 10, are Correctional Officer(s) at Burlington County Detention Center, and they are employee(s) of the County of Burlington. They are in complete control of all Inmates; and-or Pre-Trial Detainees while at Burlington County Detention Center. They report back to the County of Burlington, County Commissioner-Ms. Felicia Hopson, Warden Matthew Leith, Captain T. Blango, Lieutenant P. Blango, Lieutenant N. Ptaszenski, Lieutenant R. Clugsten, and Lieutenant E. Hernandez. They are located at: 54 Grant St., Mount Holly, New Jersey 08060.

20. Defendant(s), County Employees Jane & John Does 1 through 10, are County Employees at Burlington County Courthouse, and they are employee(s) of the County of Burlington. They are in complete control of all incoming & outgoing mail processing in the County Courthouse. They report back to the County of Burlington, & County Commissioner-Ms. Felicia Hopson. They are located at: 49 Rancocas Rd., Mount Holly, New Jersey 08060.

21. Each Defendant is sued Individually & Officially, **except** for the Defendant(s) listed in Paragraph(s) 4; & 6 of this complaint, who are **only** sued in their Official capacity. At all times mentioned in this complaint each Defendant acted under the color of state law.

### III. FACTS

22. This is a Putative Class action lawsuit with Three separate classes. The Classes consist of the 'Medical'; 'Mold'; and 'Overcrowding' Classes, and are seeking Declaratory Relief; Injunctive Relief, along with Compensatory & Punitive Damage(s) for each individual class.

23. The definition of the 'Medical Class' is defined as any Inmate and-or Pre-Trial Detainee, who is/was confined in Burlington County Detention Center from 02/21/2020 until the inception of this lawsuit, who needs/needed to see a 'Specialist' while in custody but is/was purposefully delayed/denied when it is/was medically necessary, and who suffered some type of injury due to the delayed/denied 'Specialist'.

24. The definition of the 'Mold Class' is defined as any Inmate and-or Pre-Trial Detainee, who is/was confined in Burlington County Detention Center from 02/21/2020 until the inception of this lawsuit, who was housed on a housing unit where 'Mold' is/was located, and who suffered from some type of injury due to the mold.

25. The definition of the 'Overcrowding Class' is defined as any Inmate and-or Pre-Trial Detainee, who is/was confined in Burlington County Detention Center from 02/21/2020 until the inception of this lawsuit, who is/was housed in a 3-man cell that

was designed for 2-men, and who suffered from some type of injury due to the overcrowding.

**ALLEGATION(S) AS TO PLAINTIFF CHRISTOPHER M. WELCH:**

26. Plaintiff became a Pre-Trial Detainee at Burlington County Detention Center on 02/21/2020. Plaintiff came from Cecil County Detention Center Maryland with at least (30) days' worth of seizure medication, and medical clearance document(s), which the medical department received & processed the 'hard copies'.

27. During the course of plaintiff's medical treatment at Burlington County Detention Center in the months of February & March 2020, plaintiff ran out of his life sustaining seizure medication on 03/05/2020. Then, on 03/17/2020; 03/18/2020 & 03/19/2020 plaintiff did not receive his life sustaining seizure medication.

28. On 03/20/2020 Plaintiff went into a grand mal epileptic seizure in the gym area with Correctional Officer K. Carey present of Burlington County Detention Center, from not receiving his seizure medication. From 02/21/2020 to 03/17/2020 plaintiff filled out (9) sick call slips explaining due to his disc herniation's in his lumbar & cervical he was not able to walk up & down steps, which he was being forced to do every single day by the Correctional Officer's, requested to see the Orthopedic Specialist, and advised the medical staff of his sciatic nerve issues.

29. On 03/20/2020 plaintiff was sent to Virtua Memorial Hospital-Mount Holly New Jersey. On 03/21/2020 while Correctional Officer T. Mac'Ferren was working on D Unit as the unit Officer logged in the Unit logbook, that the Nurse did not give plaintiff his seizure

medication at evening medication time because the medical department needed to re-order it.

30. From 03/21/2020 until 05/07/2020 (11) more sick call slips were submitted to the medical department through sick call slips, with no response to no sick call(s) pertaining to the issues plaintiff has raised about his lumbar, cervical herniation's & sciatic nerve issue(s). Plaintiff was never given any response to his none of his complaints but plaintiff was ordered by the Nurse Practitioner Connie a 'double mattress' on 05/02/2020.

31. In April 2020, Plaintiff & Other Inmates/Pre-Trial Detainees requested to receive grievances to grieve issues such as medical issues, mold issues, and potential retaliation issues. On 04/27/2020 Plaintiff submitted a Letter/Grievance with (3) other Inmates/Pre-Trial Detainees: Wayne Mitchell; John Johnson, and Augustus Carty.

32. On 04/28/2020 Plaintiff was escorted to the Medical & Mental Health Department. **Two weeks prior** to 04/28/2020 Lieutenant R. Clugsten told plaintiff that, "*he could not be moved out of Cell 105 on D Unit cause he (Lieutenant R. Clugsten) did not do moves.*" Plaintiff advised this Defendant that he has a rash developing all over his body, and that plaintiff was having severe problems breathing from the mold located all over Cell 105 on D Unit.

33. On 04/28/2020 Correctional Officer S. Moore was working on D Unit. Plaintiff explained to Correctional Officer S. Moore about his problem with his rash all over his body, and his problem breathing due to the mold in cell 105 on D Unit. Plaintiff showed Correctional Officer S. Moore the rash area(s), and the mold that was located in Cell 105 on D Unit. Correctional Officer S. Moore

Page 9 of 29

advised plaintiff that a supervisor would have to transfer his cell.

34. On 04/28/2020 plaintiff showed Sergeant G. Donovan the rash all over his body, and the mold in Cell 105 on D Unit. Plaintiff requested Sergeant G. Donovan for a grievance in front of Inmate Augustus Carty ID# 115139. This grievance was never provided. Plaintiff was moved out of Cell 105 on D Unit after he was reviewed by the Mental Health & Medical Department. Plaintiff was moved out of Cell 105 on D Unit to Cell 117 on D Unit by Lieutenant R. Clugsten, the person who advised plaintiff **two weeks' prior** that, "*he doesn't do cell moves!*"

35. From 02/21/2020 to 05/07/2020 Plaintiff requested grievance(s) through various different Lieutenant(s) & Sergeant(s) (39) different times, and was never given the requested grievance(s). On 05/06/2020 plaintiff requested Sergeant G. Donovan in front of Inmate Jared Vance-Cell 115 on D Unit & Kevin Gray-Cell 116 on D Unit for a grievance. Plaintiff was never provided this grievance.

36. On 05/07/2020 plaintiff wrote a letter by U.S. Mail to Warden Matthew Leith & County Commissioner-Ms. Felicia Hopson. In this correspondence, plaintiff advises both individuals that the Staff at Burlington County Detention Center flagrantly disregards the filing of grievances & appealing grievances. Plaintiff advises both individuals that he & other Inmates/Pre-Trial Detainees cannot receive grievances; the grievances never get processed properly when they do get retrieved; and-or there is never any response(s) to the grievance given to the Inmates/Pre-Trial Detainees to appeal the grievances filed.

37. In the 05/07/2020 letter plaintiff advises the Defendant(s) Warden Matthew Leith & County Commissioner-Ms. Felicia Hopson about (5) separate incidents, in which plaintiff wanted them to be treated as grievances because plaintiff & other Inmates/Pre-Trial Detainees was requesting grievances but could not retrieve them.

38. In Incident# 1 of the 05/07/2020 letter plaintiff requests the desired remedy, "*To see an Orthopedic Specialist about my lumbar & cervical issues as well as my sciatic nerve issues. For the medical staff to get reprimanded for neglecting their duties. Punitive damages for the pain & suffering I experienced that could have been prevented. Compensatory damages for the hospital bill.*"

39. In Incident# 2 of the 05/07/2020 letter plaintiff requests the desired remedy, "*To be provided grievances. To be seen for sick call. For the medical staff to get reprimanded for neglecting their duties. Punitive damages for the pain & suffering I experienced that could have been prevented. Compensatory damages as the facility sees fit. For the mold to be removed from all the housing units.*"

40. In the 05/07/2020 letter Incident# 4 plaintiff stated in his grievance, "*The facility all of its Lieutenant(s) & Sergeant(s) on both squads have an unwritten policy/practice/ custom and-or acquiesce with not providing Inmates/Pre-Trial Detainees with formal grievances, and if they are provided grievances, those grievances can be filled out properly & submitted properly but the Inmate/Pre-Trial Detainee will never be given a response to that grievance.....*"

41. In Incident# 4 of the 05/07/2020 letter plaintiff requested the desired remedy for that grievance, "*To be provided with*

*grievances, for the grievances to be properly submitted, for the grievances to be properly investigated, and for an answer of the grievance with a copy of the grievance to be supplied to the Inmate/Pre-Trial Detainee. Punitive damages for the pain & suffering I experienced that could have been prevented. Compensatory damages as the facility sees fit. For this unwritten practice/policy/custom and-or acquiesce regarding the grievance procedure change."*

42. On 05/16/2020 plaintiff wrote a letter by U.S. Mail to Warden Matthew Leith & County Commissioner-Ms. Felicia Hopson. In this correspondence, plaintiff advises both individuals that the Staff at Burlington County Detention Center flagrantly disregards the filing of grievances & appealing grievances. Plaintiff advises both individuals that he & other Inmates/Pre-Trial Detainees cannot receive grievances; the grievances never get processed properly when they do get retrieved; and-or there is never any response(s) to the grievance given to the Inmates/Pre-Trial Detainees to appeal the grievances filed.

43. In the 05/16/2020 letter plaintiff describes two incidents. Incident# 1 of the 05/16/2020 plaintiff states, *"I came here on 02/21/2020, and since I've been housed on I-Wing; B-Wing; and D-Wing I have noticed mold everywhere throughout the facility. I spoke to a Correctional Officer, and the Correctional Officer stated, 'There has been a mold issue here ever since I got here, and that was over 8+ years ago.'"*

44. Then, in the 05/16/2020 letter plaintiff further stated to Incident# 1, *"Then, the Officer goes on to state that, 'The facility just ignores the issue, and they are very well aware of it!' I have broken out from skin rashes all over my body from the*

Page 12 of 29

*mold, have issues with respiratory problems from the mold, and I am wondering the long-term effects. Please clean all the mold up in the facility?"*

45. In the letter of 05/16/2020 plaintiff requested the desired remedy for Incident# 1, *"To clean all the mold up within the facility. Punitive damages for the pain & suffering I experienced that could have been prevented. Compensatory damages as the facility sees fit."*

46. In the 05/16/2020 letter plaintiff lists Incident# 2 as follows, *"Since the end of March 2020/beginning of April 2020 & until present the facility has been locking Inmates/Pre-Trial Detainees down with providing them **only** 15 minutes of 'Rec' within a 24-hour period. Inmates & Pre-Trial Detainees are not able to attend law library, not able to take shower(s) & make 15-minute phone calls at the same time, and not able to clean cell's/housing areas."*

47. Then in the 05/16/2020 letter plaintiff further stated to Incident# 2, *"I have a problem with my lumbar & cervical as well as sciatic nerve issues, and keeping me housed in my cell all day (all but 15-minutes), is quite bothersome, not **only** physically but to my psyche as well. It at times causes me to be depressed & fatigued. Please allow more 'Rec' time during lockdowns?"*

48. In the 05/16/2020 letter plaintiff requested the desired remedy for Incident# 2, *"To be provided more 'Rec' time during lockdown periods. Punitive damages for the pain & suffering I experienced that could have been prevented. Compensatory damages as the facility sees fit."*

49. Plaintiff never received any responses to his 05/07/2020 letter/grievances listing (5) separate Incident(s) in there to be treated as grievances, and plaintiff never received any responses to that 05/07/2020 letter. Plaintiff further never received any responses to his 05/16/2020 letter/grievances listing (2) separate Incident(s) in there to be treated as grievances, and plaintiff never received any responses to that 05/16/2020 letter. Plaintiff followed up with filing written grievances from the facility on all these listed issues stated herein but was never given any response to none of those complaints, as the grievance process is futile at Burlington County Detention Center.

50. On 05/20/2020 Captain T. Blango investigated the 04/27/2020 Letter/Grievance referenced in paragraph 31 of this complaint; Captain Inman responded to said letter/grievance, and Lieutenant P. Blango delivered the letter/grievance to plaintiff, which was subsequently denied. On 05/24/2020 there was a news article printed in the Burlington County Times by editor George Woolston *'County inmate's families worry about covid-19'*. The Correctional Officer referred to in paragraph 43 of this complaint stated further, "*The Administration at Burlington County Detention Center would like to catch editor George Woolston on the street to give him a piece of their mind printing an article like that about the jail!*"

51. On 06/10/2020 @ 12:30 a.m. plaintiff handed Sergeant B. Myers a handwritten appeal to Inmate Grievance# IG-20-040 about the mold, and about the medical not testing Inmates/Pre-Trial Detainee(s) for Covid-19. Sergeant B. Myers advised plaintiff that there was no formal grievance appeal forms available at Burlington County Detention Center, and that it had to be handwritten.

52. Plaintiff had a meeting with defendant(s) Lieutenant(s) P. Blango & N. Ptaszenski on 06/16/2020 on G Dorm. Plaintiff was advised that '*if they (referring to the Lieutenant(s)) think he (referring to plaintiff) is going to file a lawsuit against the facility, and sue the County of Burlington then he (referring to plaintiff) will be transferred so fast to a jail that is extremely dirtier & hard to get to the law library like Mercer or Camden Counties.*' Both Lieutenant(s) further advised plaintiff that this jail was one of the cleanest jails to be in besides Salem County, and that plaintiff should make the best of it.

53. Plaintiff the last week of May 2020 filed a Tort Claim Notice with the Burlington County Solicitor's Office & Burlington County Risk Manager-Damon S. Burke at 49 Rancocas Rd., Mount Holly, New Jersey 08060. The Tort Claim has never been resolved, and the Defendant(s) made no attempt to resolve the Claim after several attempts to resolve it on plaintiff's behalf. In the Tort Claim, plaintiff provided the letter/grievance's in which he wished to be treated as formal grievances because he could not obtain formal grievances. Plaintiff advised in the Tort Claim the medical incidents; the mold incidents; the recreation incidents, and other such complaints.

54. Plaintiff in May 2020 began to have issues with his Legal Mail being opened outside of his presence by Defendant(s) County Employees Jane & John Does 1 through 10; Correctional Officers Jane & John Does 1 through 10; and Lieutenant(s) P. Blango & N. Ptaszenski of Burlington County Detention Center. The stated reason was that the Legal Mail came opened from the law firm marked legal mail, and upon inspection a female Correctional Officer's personal information was located.

55. Plaintiff in June 2020 filed a grievance about his legal mail being opened outside of his presence, and read. This action is against the Inmate Handbook authored by Warden Matthew Leith on 06/01/2018, against New Jersey Administrative Code for County Correctional Facilities pertaining to legal mail, against the New Jersey State Constitution, and against the United States Constitution.

56. Since the May 2020 incident, plaintiff's legal mail has been getting opened outside of his presence; tampered with being held for weeks & sent back to the sender; and plaintiff's legal mail is now opened in the presence of a Supervisor (Sergeant and-or Lieutenant—by order of Lieutenant(s) P. Blango & N. Ptaszenski) placed on a '*Body Worn Camera*' so the legal mail can later be reviewed *via* video capture.

57. Plaintiff on 10/28/2020 was reviewing his electronic legal discovery that is on his thumb drive, that was forwarded to him by his attorney through legal mail. Correctional Officer C. Torres was present in the law library, and told plaintiff that he could not print the pictures that were on the thumb drive, after plaintiff had already sent them to the printer. Correctional Officer C. Torres advised Sergeant M. Peer & Lieutenant E. Hernandez about the content(s) of the files on the thumb drive.

58. On 10/28/2020 or sometime shortly thereafter Sergeant M. Peer & Lieutenant E. Hernandez reviewed every single file that was contained on the thumb drive, then turned over the thumb drive to Lieutenant(s) P. Blango & N. Ptaszenski for them to inspect said thumb drive. Lieutenant(s) P. Blango & N. Ptaszenski reviewed all the file(s) on the thumb drive, copied all the contents on the thumb drive, and then turned over a copy to the Burlington County Prosecutor's Office. Plaintiff was advised by Lieutenant P. Blango

on 11/10/2020 while housed in Cell 106 on C-Wing that plaintiff would be returned the thumb drive with all its contents intact, and that plaintiff was prohibited from printing contraband picture's from said thumb drive.

59. Plaintiff asserts that all the file(s) contained on the thumb drive are pertaining to plaintiff's legal matters, and all the files are considered legal and protected under WORK/PRODUCT PRIVILEGE. Lieutenant(s) P. Blango & N. Ptaszenski are acting as agents for the Burlington County Prosecutor's Office, supplying the State with plaintiff's trial strategies and interfering with this plaintiff's right to counsel in a criminal & civil matter currently pending in State & Federal Court, along with the Attorney/Client Privilege with the right to confidential communication.

60. Plaintiff wrote by In-House Mail & U.S. Mail several times Captain(s) T. Blango & Inman; Warden Matthew Leith; County Solicitor-Mr. Sander D. Friedman, Esquire; and County Commissioner-Ms. Felicia Hopson about the issues with Lieutenant(s) P. Blango & N. Ptaszenski from May 2020 until present. The problems continue to persist with the legal mail & regular mail.

61. The County of Burlington; County Commissioner-Ms. Felicia Hopson; Warden Matthew Leith; and Captain(s) & T. Blango & Inman have an unwritten practice/policy/custom/ and-or acquiesce with not properly supervising; and-or investigating its Correctional Officers after complaints are made verbally; through written requests; and-or properly filed grievances.

62. Plaintiff asserts that the County of Burlington, and County Commissioner-Ms. Felicia Hopson have a long-standing history of 19+ years of civil rights violations consisting of the same or similar acts listed throughout the following federal cases in Federal Court:

1. Blade V. Burlington County Jail, Et Al.,
   Civil# 02-3976 (2002);

2. Thompson V. Gogats, Et Al.,
   Civil# 05-3555(2005);
3. Costa Jr. V. County of Burlington, Et Al.,
   Civil# 07-0904 (2007);

4. Paulino V. Burlington County Jail, Et Al.,
   Civil# 07-5315(2007);

5. Hass V. Burlington County, Et Al.,
   Civil# 08-1102(2008);

6. Burns V. Warden Joel E. Cole, Et Al.,
   Civil# 08-4897(2008);

7. Florence V. Board of Chosen Freeholders, Et Al.,
   595 F.Supp.2d 492 (2009);

8. Singletary V. Burlington County Jail, Et Al.,
   Civil# 11-0392 (2011);

9. Thomas V. Bird, Et Al.,
   Civil# 12-7476 (2012);

10. Smart V. Board of Chosen Freeholders, Et Al.,
    Civil# 13-0354(2013);

11. Roudabush V. Correctional Officer Pirelli, Et Al.,
    Civil# 14-1923 (2014);

12. Rodriguez V. State of New Jersey, Et Al.,
    Civil# 14-3729 (2014);

13. Kneisser V. McInerney, Et Al.,
    Civil# 15-7043 (2015);

14. Turzanski V. County of Burlington, Et Al.,
    Civil# 15-8866 (2015);

15. Jones V. Burlington Township, Et Al.,
    Civil# 17-1871 (2017);

16. Taylor V. Burlington County Jail, Et Al.,
    Civil# 18-0431 (2018)

63. Plaintiff asserts that the C.F.G. Health Systems LLC, and CEO-C.F.G. Health Systems LLC-Mr. Les Paschall have a long-standing history of 16+ years of civil rights violations consisting of the same or similar acts listed throughout the following federal cases in Federal Court:

1. Tosado V. Borough of Spotswood, Et Al.,
   Civil# 05-5112 (2005);

2. McErlean V. Weich, Et Al.,
   Civil# 07-5681(2007);

3. McBride V. County of Atlantic, Et Al.,
   Civil# 10-2773 (2010);

4. Smith V. Merline, Et Al.,
   719 F. Supp.2d 438 (2010);

5. Mora V. United States, Et Al.,
   Civil# 11-3321(2011);

6. Arrington V. Middlesex County Jail, Et Al.,
   Civil# 13-1400(2013);

7. Estate of Lewis V. Cumberland County, Et Al.,
   Civil# 16-3503 (2016);

8. Estate of David Hennis V. Warden Robert Balicki, Et Al.,
   Civil# 16-4216 (2016);

9. Estate of Watson V. Cumberland County, Et Al.,
   Civil# 16-6578 (2016);

10. Estate of Conroy V. Cumberland County, Et Al.,
    Civil# 17-7183 (2017);

11. Estate of Strouse V. Atlantic County, Et Al.,
    Civil# 17-5662 (2017);

12. Estate of Sempreviva V. Atlantic County, Et Al.,
    Civil# 18-1953 (2018);

13. Estate of Moore V. Roman, Et Al.,
    Civil# 18-6345 (2018)

63. Plaintiff has handwritten from April 2020 until February 2021 County Commissioner-Ms. Felicia Hopson; County Solicitor-Mr. Sander D. Friedman, Esquire; Warden Matthew Leith; C.F.G. Health Services LLC; CEO- C.F.G. Health Services LLC-Mr. Les Paschall; and C.F.G. Health Services LLC-Ms. Denise Rahaman about all the

issues raised in this complaint. There was never any written response to any of the letters.

64. Plaintiff was given legal mail on 01/04/2021 by Defendant Sergeant J. Williams. The legal mail was already opened & inspected outside of the plaintiff's presence. Plaintiff asked Sergeant J. Williams why was the legal mail opened, and Sergeant J. Williams responded, "*I received the legal mail like that from Lieutenant(s) P. Blango & N. Ptaszenski!*" Plaintiff immediately filed a grievance about this incident, and there was never any response given to that grievance as of this filing.

65. Defendant(s) Correctional Officers Jane & John Does 1 through 10; County Employees Jane & John Does 1 through 10; Sergeant(s) M. Peer & J. Williams; and Lieutenant(s) P. Blango & N. Ptaszenski are acting in concert with the Burlington County Prosecutor's Office in opening; reading; and copying plaintiff's legal mail & regular mail both incoming & outgoing to & from the facility, that is privileged communication, and all these defendant(s) refuse to stop with no lawful authority; no judicial warrant; against New Jersey Administrative Code; and against the Policies & Procedures of Burlington County Detention Center.

66. Defendants County of Burlington; County Commissioner-Ms. Felcia Hopson; Warden Matthew Leith; Captain(s) T. Blango & Inman; Lieutenant(s) P. Blango/ N. Ptaszenski/ & R. Clugsten after being aware of, and refusing to act on Inmate(s)/Pre-Trial Detainee(s) complaint(s) (verbally & written) demonstrate an unwritten practice/policy/custom and-or acquiesce of ignoring civil rights violations.

67. During the course of plaintiff's pre-trial detention from 02/21/2020 until present, there has been an overcrowding issue. In November 2020 until present, plaintiff has been housed on a floor, inches from a toilet, where cold weather causes condensation to build causing puddles of water in the cell, it is difficult for plaintiff to get to & from the bed on the floor with plaintiff's lumbar & cervical issues as well as his sciatic nerve issues, all while being housed inches from a toilet with urine splattering on his mattress when his cell mate(s) use the bathroom.

68. Plaintiff was advised by Sergeant(s) & Lieutenant(s) on both squads that the 3-men to a cell overcrowding issue is not a grievable issue, and cannot be addressed through the grievance process at the facility. Sergeant(s) M. Peer & J. Williams were placing Inmate(s) & Pre-Trial Detainee(s) in a 3-man cell with plaintiff, as there were other housing units/cells available with only 1 cell mate to a 2-man cell, out of retaliation for the grievance's plaintiff filed throughout his stay at Burlington County Detention Center.

69. Plaintiff heard Inmate William Stroemel ID# 48300 on 01/29/2021 at 9:30 a.m. ask Sergeant G. Donovan, *"Isn't this 3-men to a cell illegal (referring to the overcrowded cell)?"* Sergeant G. Donovan's response was, *"Yes it is but that's where We are at with it right now (referring to Burlington County Detention Center)!"*

## ALLEGATION(S) AS TO 'MEDICAL CLASS':

70. Inmate(s) & Pre-Trial Detainee(s) of Burlington County Detention Center from 02/21/2020 until present are treated by C.F.G. Health Systems LLC at Burlington County Detention Center, Health Services Administrator-Ms. Doris Yaa; and Nurse Practitioner Connie.

71. C.F.G. Health Systems LLC; CEO-C.F.G. Health Systems LLC-Mr. Les Paschall; Health Services Administrator-Ms. Doris Yaa; and Nurse Practitioner Connie have an unwritten practice/policy/custom and-or acquiesce with not providing treatment by 'Specialists' when it is medically necessary or purposely delaying treatment by a 'Specialists' when it is medically necessary.

72. This delayed/denied treatment which is medically necessary is purposefully caused by C.F.G. Health Systems LLC; CEO-C.F.G. Health Systems LLC-Mr. Les Paschall; Health Services Administrator-Ms. Doris Yaa; and Nurse Practitioner Connie have an unwritten practice/policy/custom and-or acquiesce with the purpose of saving funds.

73. Plaintiff(s)-'Medical Class' in this matter are suffering irreparable harm in various different physical forms. This harm is being caused by the defendant(s) C.F.G. Health Systems LLC; CEO-C.F.G. Health Systems LLC-Mr. Les Paschall; Health Services Administrator-Ms. Doris Yaa; and Nurse Practitioner Connie with reckless disregard for the plaintiff(s)-'medical class' necessary treatment.

**ALLEGATION(S) AS TO 'MOLD CLASS':**

74. Inmate(s) & Pre-Trial Detainee(s) of Burlington County Detention Center from 02/21/2020 until present housed at Burlington County Detention Center, and there is mold throughout all the housing units, and the entire facility that staff/inmate(s)/pre-trial detainee(s) are breathing in this mold.

75. County of Burlington; County Commissioner-Ms. Felicia Hopson; Warden Matthew Leith; and Captain(s) T. Blango & Inman have an unwritten practice/policy/custom and-or acquiesce with not

Page 22 of 29

addressing the mold issue, thereby placing Staff/Inmate(s)/Pre-Trial Detainee(s) live(s) in danger by inhaling this mold.

76. Plaintiff(s)-'Mold Class' in this matter are suffering irreparable harm in various different physical forms including but not limited to skin rashes(s) & severe respiratory problems. This harm is being caused by the County of Burlington; County Commissioner-Ms. Felicia Hopson; Warden Matthew Leith; and Captain(s) T. Blango & Inman either through there in-action or their refusal to act in order to have the mold treated & removed.

**ALLEGATION(S) AS TO 'OVERCROWDING CLASS':**

77. Inmate(s) & Pre-Trial Detainee(s) of Burlington County Detention Center from 02/21/2020 until present housed at Burlington County Detention Center in cell(s) that are designed for two people but three people are being mandated to sleep in those cell(s), with the third person sleeping on the floor, during the course of a public health crisis & global pandemic i.e. Coronavirus.

78. County of Burlington; County Commissioner-Ms. Felicia Hopson; Warden Matthew Leith; and Captain(s) T. Blango & Inman have an unwritten practice/policy/custom and-or acquiesce with not addressing the issue, thereby placing Staff/Inmate(s)/Pre-Trial Detainee(s) live(s) in danger by refusing to follow the Center Disease Control guidelines by keeping 6 feet apart.

79. Plaintiff(s)-'Overcrowding Class' in this matter are suffering irreparable harm in various different physical forms by forcing Inmate(s) & Pre-Trial Detainee(s) to sleep on the floor inches next to a toilet, and within inches from other Inmate(s)/Pre-Trial Detainee(s) that are housed in the cell. This harm is being caused

Page 23 of 29

by the County of Burlington; County Commissioner-Ms. Felicia Hopson; Warden Matthew Leith; and Captain(s) T. Blango & Inman with reckless disregard for Plaintiff(s)-'Overcrowding Class' health & safety.

## IV. EXHAUSTION OF LEGAL REMEDIES

80.   Plaintiff Christopher M. Welch requested grievance(s) throughout his entire incarceration while at Burlington County Detention Center to try, and resolve all issues. Plaintiff was never given grievances and-or when he was given grievance(s) those grievance(s) was never properly filed with staff interfering with that process and-or there was never given a response to those properly filed grievance(s). Plaintiff throughout paragraphs 26 through 79 of this complaint assert(s) that he has written Letter/Grievance(s) to resolve the problem(s) listed in this complaint. Plaintiff has not received response(s) to the majority of these Letter/Grievance(s) as well. Plaintiff asserts that even when the grievance procedure is followed correctly, which it almost always is not, the grievance procedure is futile, as Defendant's refuse to correct violations herein.

## V. LEGAL CLAIMS

81.   Plaintiff re-allege(s) & incorporate(s) by reference paragraphs 1 through 80 of this complaint.

82. **COUNT 1:** 1ST Amendment/U.S. Constitution-Freedom of Speech: Defendant(s) in paragraph(s) 4;5; 11 through 15; and 17 through 20 are in violation of this Amendment by what is listed in this complaint in paragraph(s) 26 through 69.

83.   **COUNT   2:**   1ST   Amendment/U.S.   Constitution-Retaliation: Defendant(s) in paragraph(s) 17 & 18 are in violation of this

Amendment by what is listed in this complaint in paragraph(s) 26 through 69.

84. **COUNT 3:** 4th Amendment/U.S. Constitution-Unlawful Search & Seizure: Defendant(s) in paragraph(s) 4;5; 11 through 15; and 17 through 20 are in violation of this Amendment by what is listed in this complaint in paragraph(s) 26 through 69.

85. **COUNT 4:** 6th Amendment/U.S. Constitution-Right To Counsel: Defendant(s) in paragraph(s) 4;5; 11 through 15; and 17 through 20 are in violation of this Amendment by what is listed in this complaint in paragraph(s) 26 through 69.

86. **COUNT 5:** 8th Amendment/U.S. Constitution-Deliberate Indifference: Defendant(s) in paragraph(s) 4 through 20 are in violation of this Amendment by what is listed in this complaint in paragraph(s) 26 through 79.

87. **COUNT 6:** 14th Amendment/U.S. Constitution-Due Process: Defendant(s) in paragraph(s) 4 through 20 are in violation of this Amendment by what is listed in this complaint in paragraph(s) 26 through 79.

88. **COUNT 7:** Article 1-Paragraph 6/New Jersey State Constitution-Right to Freedom of Speech: Defendant(s) in paragraph(s) 4;5; 11 through 15; and 17 through 20 are in violation of this State Constitution by what is listed in this complaint in paragraph(s) 26 through 69.

89. **COUNT 8:** Article 1-Paragraph 7/New Jersey State Constitution-Right to be Free from Unlawful Search & Seizure: Defendant(s) in paragraph(s) 4;5; 11 through 15; and 17 through 20 are in violation

of this State Constitution by what is listed in this complaint in paragraph(s) 26 through 69.

90. **COUNT 9:** Article 1-Paragraph 10/New Jersey State Constitution-Right to Counsel: Defendant(s) in paragraph(s) 4;5; 11 through 15; and 17 through 20 are in violation of this State Constitution by what is listed in this complaint in paragraph(s) 26 through 69.

91. **COUNT 10:** Article 1-Paragraph 12/New Jersey State Constitution-Right to be Free from Cruel & Unusual Punishment: Defendant(s) in paragraph(s) 4 through 20 are in violation of this State Constitution by what is listed in this complaint in paragraph(s) 26 through 79.

92. **COUNT 11:** Article 1-Paragraph 18/New Jersey State Constitution-Right to Grievance: Defendant(s) in paragraph(s) 4 through 20 are in violation of this State Constitution by what is listed in this complaint in paragraph(s) 26 through 69.

93. **COUNT 12:** Title §59:2-10/New Jersey Statues Annotated-Intentional & Emotional Duress: Defendant(s) in paragraph(s) 4 through 20 are in violation of this New Jersey Statue by what is listed in this complaint in paragraph(s) 26 through 79.

94. **COUNT 13:** Title §2C:12-2/New Jersey Statues Annotated-Reckless Endangerment: Defendant(s) in paragraph(s) 4 through 20 are in violation of this New Jersey Statue by what is listed in this complaint in paragraph(s) 26 through 79.

95. **COUNT 14:** Title §2A:62A-9/New Jersey Statues Annotated-Gross Negligence: Defendant(s) in paragraph(s) 4 through 20 are in

violation of this New Jersey Statue by what is listed in this complaint in paragraph(s) 26 through 79.

96. **COUNT 15:** Title §2A:15-5.1/New Jersey Statues Annotated-Negligence: Defendant(s) in paragraph(s) 4 through 20 are in violation of this New Jersey Statue by what is listed in this complaint in paragraph(s) 26 through 79.

97. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff(s) have been and will continue to be irreparably injured by the conduct of the defendant(s) unless this Court grant's the Declaratory & Injunctive Relief which plaintiff(s) in this matter seek.

## VI. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff(s) respectfully pray that this Court enter judgement granting plaintiff(s):

98. A declaration that the act(s) and omissions described herein violated plaintiff's & plaintiff(s) class rights under the Constitution of the United States, laws of the United States, Constitution of the State of New Jersey, and laws of the State of New Jersey.

99. **(a)** A Preliminary & Permanent Injunction against the Defendant(s) in paragraph(s) 4;5; 11 through 15; and 17 through 20 of this complaint as to Plaintiff-Christopher M. Welch to refrain from opening; copying; and inspecting his outgoing & incoming Legal Mail & Regular Mail.

**(b)** A Preliminary & Permanent Injunction against the Defendant(s): C.F.G. Health Systems LLC; CEO-C.F.G. Health Systems LLC-Mr. Les Paschall; Health Services Administrator-Ms. Doris Yaa;

and Nurse Practitioner Connie in this complaint as to Plaintiff-Christopher M. Welch & Plaintiff(s)-'Medical Class' to refrain from delaying/denying treatment by a 'Specialist' when it is medically necessary.

    **(c)** A Preliminary & Permanent Injunction against the Defendant(s) in paragraph(s) 4; 5; 11 through 19 of this complaint as to Plaintiff-Christopher M. Welch & Plaintiff(s)-'Mold Class' to clean all housing unit(s)/cell(s) inside Burlington County Detention Center where mold is located.

    **(d)** A Preliminary & Permanent Injunction against the Defendant(s) in paragraph(s) 4; 5; 11 through 19 of this complaint as to Plaintiff-Christopher M. Welch & Plaintiff(s)-'Overcrowding Class' to refrain from housing 3-men to a cell designed for 2-men in Burlington County Detention Center.

100. Compensatory Damages in the amount of $50,000.00 against each Defendant, jointly & severally, **except** as to Defendant(s) listed in paragraph(s) 4 & 6 of this complaint.

101. Punitive Damages in the amount of $50,000.00 against each Defendant, **except** as to Defendant(s) listed in paragraph(s) 4 & 6 of this complaint.

102. A Jury Trial on all issues triable by jury; demanded by Plaintiff-Christopher M. Welch.

103. Plaintiff's cost in this suit.

104. Any additional relief this Court deems just, proper, and equitable.

Page **28** of **29**

Respectfully Submitted:

*Mr. Christopher M. Welch*

Date: 03/03/2021

Mr. Christopher M. Welch
ID# 115254
P.O. Box 6000, 54 Grant St.
Mount Holly, New Jersey 08060

### VERIFICATION

I HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS ALLEGED THEREIN ARE TRUE, EXCEPT AS TO MATTERS ALLEGED ON INFORMATION & BELIEF, AND AS TO THOSE, I BELIEVE THEM TO BE TRUE. I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE & CORRECT.

Executed at: Burlington County Detention Center, P.O. Box 6000, 54 Grant St., Mount Holly, New Jersey 08060 on this 3rd day of March , 2021.

Respectfully Submitted:

*Mr. Christopher M. Welch*

Date: 03/03/2021

Mr. Christopher M. Welch